UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-CV-61911-BB

MIREILLE CHARLES,

       Plaintiff,

vs.

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR NOVASTAR
MORTGAGE FUNDING TRUST, SERIES 2006-
4 NOVASTAR HOME EQUITY LOAN ASSET-
BACKED CERTIFICATES, SERIES 2006-4
AND OCWEN LOAN SERVICING, LLC,

       Defendants.
_____/

## DEUTSCHE BANK'S MOTION TO DISMISS

Defendant, Deutsche Bank National Trust Company, as Trustee for Novastar Mortgage Funding Trust, Series 2006-4 Novastar Home Equity Loan Asset-Backed Certificates, Series 2006-4 ("Deutsche Bank"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 7.1, Local Rules for the Southern District of Florida, moves to dismiss the Complaint filed by Plaintiff, Mireille Charles, and states as follows:

### I. Introduction

Plaintiff seeks to hold Deutsche Bank, the assignee of her mortgage loan, vicariously liable for violations of the Truth in Lending Act ("TILA") that were allegedly committed by Deutsche Bank's mortgage servicer, Ocwen Loan Servicing, LLC ("Ocwen"). Specifically, Plaintiff alleges that Deutsche Bank, through Ocwen, violated 15 U.S.C. § 1639g and 15 U.S.C. § 1641(f)(2).[1]

---

[1] *See* Pl.'s Comp. at ¶ 42-43.

Section 1639g imposes a requirement on creditors and servicers to provide a payoff statement to borrowers upon written request. Section 1641(f)(2) requires a servicer to provide a debtor with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation.

Here, Plaintiff alleges that on March 4, 2014, she sent Ocwen a request for a payoff statement under section 1639g and a request for owner information pursuant to section 1641(f)(2).[2] According to Plaintiff, Deutsche Bank, through Ocwen, failed to respond to the requests.[3] Plaintiff's allegations against Deutsche Bank are premised on Deutsche Bank's vicarious liability for Ocwen's purported non-compliance with TILA.

Respectfully, this Court should find that Deutsche Bank cannot be held vicariously liable for its loan servicer's actions under TILA and dismiss the Complaint against Deutsche Bank with prejudice. As discussed below, TILA does not provide for vicarious liability of an assignee when the assignee is not also the servicer of the loan. As Plaintiff concedes, Deutsche Bank is merely an assignee of her mortgage loan, not a creditor or servicer.[4] Therefore, Deutsche Bank should be dismissed from this suit because it cannot be held liable for its servicer's purported TILA violations.

---

[2] *See id.* at ¶ 27.

[3] *See id.* at ¶ 42-43.

[4] *See id.* at ¶ 10. To the extent Plaintiff seeks to rely on the allegation contained in paragraph 9 of her Complaint, which she cannot do in good faith, there is no question that Deutsche Bank is not a creditor as that term is defined pursuant to 15 U.S.C. § 1602(g). A creditor regularly extends credit *and* "is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness." 15 U.S.C. § 1602(g). As alleged by Plaintiff, the creditor of her mortgage loan was The Peoples Mortgage Funding, Inc. *See* Pl.'s Comp. at 14.

2

## II. Background

On or about July 20, 2006, Plaintiff received a mortgage loan (the "Mortgage Loan") from The Peoples Mortgage Funding, Inc.[5] Plaintiff's repayment of the Mortgage Loan was secured by her residence located in Broward County.[6] The Mortgage Loan was subsequently assigned to Deutsche Bank.[7] Ocwen is the servicer of the Mortgage Loan.[8]

On or about June 27, 2013, Deutsche Bank filed a lawsuit to foreclose its mortgage against Plaintiff in Broward County Circuit Court, Case No.: CACE13016082 (the "Foreclosure Proceeding").[9] Plaintiff is represented in the Foreclosure Proceeding by Loan Lawyers, counsel for Plaintiff in this lawsuit. On March 4, 2014, while the Foreclosure Proceeding was pending, Plaintiff sent Ocwen a request for a payoff statement under section 1639g and a request for owner information pursuant to section 1641(f)(2).[10] According to Plaintiff, Ocwen failed to respond to her requests.[11] Plaintiff does not allege how the failure to respond has caused her harm, and instead demands statutory damages and attorney's fees.

---

[5] *See id.* at ¶ 14.

[6] *See id.* at ¶ 15.

[7] *See id.* at ¶ 10.

[8] *See id.* at ¶ 12.

[9] *See id.* at ¶ 20.

[10] *See id.* at ¶ 27.

[11] *See id.* at ¶ 42-43.

### III. Memorandum of Law

Plaintiff's allegations against Deutsche Bank are premised on Deutsche Bank's vicarious liability for Ocwen's purported TILA violations. Respectfully, this Court should find that Deutsche Bank cannot be held vicariously liable for its loan servicer's actions under TILA and dismiss Plaintiff's action. This Court's interpretations of 15 U.S.C. § 1640(a) and section 1641(f)(2) have produced diverging opinions as to whether an assignee may be held vicariously liable for the acts or omissions of a servicer under TILA.[12] *Compare Holcomb v. Fed. Home Loan Mortg. Corp.,* 2011 WL 5080324, *6 (S.D. Fla. 2011) (Hurley, J.) (declining to extend liability to obligation owners—be they creditors or assignees—for their servicers' failures to comply with TILA*); Kievman v. Fed. Nat'l Mortg. Ass'n,* 901 F. Supp. 2d 1348, 1352 (S.D. Fla. 2012) (Ungaro, J.) (same)*; Signori v. Fed. Nat'l Mortg. Ass'n,* 934 F. Supp. 2d 1364, 1366-67 (S.D. Fla. 2013) (Scola, J.) (finding that an assignee is not vicariously liable for its servicer's violations of TILA)*; Alaimo v. HSBC Mortg. Services, Inc.*, 2014 WL 930787, *3 (S.D. Fla. 2014) (Scola, J.) (same); *with Lucien v. Federal Nat. Mortg. Ass'n*, 2014 WL 2184934 (S.D. Fla. 2014)(Huck, P.)(finding that creditor could be held vicariously liable for loan servicer's TILA violations); *Khan v. Bank of N.Y. Mellon*, 849 F. Supp. 2d 1377, 1382 (S.D. Fla. 2012) (Dimitrouleas, J.) (concluding TILA did permit the application of vicarious-liability principals to hold a creditor liable for the acts of a servicer); *Kissinger v. Wells Fargo Bank, N.A.*, 888 F. Supp. 2d 1309, 1315 (S.D. Fla. 2012) (same). As held in *Kievman* and *Holcomb*, TILA's clear

---

[12] "Once again, a borrower facing foreclosure has invoked technical requirements under the Truth in Lending Act ("TILA") against her lender, and once again this Court is called upon to construe TILA's confusing and often conflicting statutory scheme, which has resulted in fractured decisions in this district." *Lucien v. Federal Nat. Mortg. Ass'n*, 2014 WL 2184934 (S.D. Fla. 2014)(Huck, P.).

terms and the rules of statutory interpretation prevent holding an assignee vicariously liable for its servicer's conduct.

Under 15 U.S.C. § 1639g, a "creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."  Further, 15 U.S.C. § 1641(f)(2) provides:

> Upon written request by the obligor, the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the servicer, with the name, address, and telephone number of eth owner of the obligation or the master servicer of the obligation.

The Eleventh Circuit Court of Appeals has found that, although § 1641(f)(2) imposes a duty on the servicer of an obligation, TILA's clear terms absolve the servicer from liability if it fails to satisfy that duty.  *Reed v. Chase Home Finance, LLC*, 723 F.3d 1301, 1303 (11th Cir. 2013) (finding that a servicer, which does not also own the obligation being serviced, is not subject to liability for violations of § 1641(f)(2)); *Holcomb v. Fed. Home Loan Mort. Corp.*, 2011 WL 5080324, *6 (S.D. Fla. 2011) ("While subsection (f)(2) sets forth a servicer's duties to the obligors, it does not impose any liability on the servicer.").  By TILA's clear terms, a servicer is only liable for a violation of § 1641(f)(2) if the servicer is also an assignee and owner of the obligation.  15 U.S.C. § 1641(f)(1); *Reed*, 723 F.3d at 1303.

Section 1640(a) imposes liability on creditors.  Specifically, 15 U.S.C. § 1640(a) provides:

> Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, subsection (f) or (g) of section 1641 of this title . . . with respect to any person is liable to such person . . . .

5

"At first blush there appears to be a disjuncture between § 1640(a) and § 1641(f)(2)." *Kievman v. Fed. Nat'l Mortg. Ass'n*, 901 F. Supp. 2d 1348, 1352 (S.D. Fla. 2012). "Section 1640(a), a remedial provision, imposes civil liability on creditors for failure to comply with subsection (f)." *Id.* Yet section 1641(f)(2) imposes a duty only on mortgage servicers. *Id.* In an effort to bridge that gap, *Khan* and its proponents contend that "Congress meant to . . . make creditors liable under § 1641(f)(2) by intentionally inserting the private right of action for violations of § 1641(f)(2) into § 1640(a)." *Khan*, 849 F. Supp. 2d at 1382.

*Khan* adopted the view that, absent vicarious liability, the private right of action created by section 1640(a) would be meaningless "[b]ecause TILA does not impose liability upon a servicer who is not an owner or assignee of a note." *Id*. at *1381 (quoting *Davis v. Greenpoint Mortg/ Funding, Inc.*, 2011 WL 7070221, *3 (N.D. Ga. 2011)); *see also Consumer Solutions REO, LLC v. Hillery*, 2010 WL 144988, at *3 (N.D. Cal. 2010) (relied upon by *Khan* and stating that "given that the servicer cannot be held liable for damages for a § 1641(f)(2) violation, and the very nature of such a violation implied the debt will not know the identity of and contact information for the owner of the note, the debtor would be left essentially without a remedy absent some form of vicarious liability.")

*Khan*'s interpretation of section 1640(a) overreaches, however, and creates a cause of action under a theory of vicarious liability where Congress declined to do so. As Judge Hurley explained in *Holcomb*, Congress rectified the creditor liability problem by imposing an affirmative duty on transferees—creditors and assignees alike—to notify borrowers in writing of the transfer of their obligations. *Holcomb*, 2011 WL 5080324 at *5. "Added as part of the 2009 amendments to TILA, § 1641(g) provides that 'the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer.'" *Id.* (citing 15 U.S.C. § 1641(g)).

6

This ensures access to information without increasing the risk that some borrowers would use requests under (f)(2) "to gain leverage rather than an attempt to gain information." *Id.*; *see also Guillaume v. Fed. Nat'l Mortg. Ass'n*, 928 F. Supp. 2d 1337, 1341 (S.D. Fla. 2013) (Ryskkamp, J.) (denying the borrowers' § 1641(f)(2) claim where they sent the request for information during the pendency of the foreclosure proceeding merely to manufacture a TILA claim).

The *Holcomb* rationale faithfully interprets TILA's clear terms, giving effect to each relevant provision. As noted in *Kievman*, "[f]ar from rendering any part of the statute superfluous, [the *Holcomb*] interpretation recognizes that § 1640(a)'s reference to subsection (f) creates a private right of action against those obliges who might employ unfair practices in *servicing* their loans as well as in their issuance and execution." *Kievman*, 901 F. Supp. 2d at 1353. Section 1640 governs the civil liability of creditors under TILA, while section 1641 similarly prescribes the liability of assignees under the Act. 15 U.S.C. §§ 1640; 1641. Where section 1640 assesses liability against creditors by reference to a subsection of section 1641, a creditor should be liable only to the extent as would be a similarly situated assignee. Section 1641(f)(2) provides a private right of action only against assignees who own and service the relevant obligation for the purposes of TILA. Accordingly, as held in *Holcomb* and *Kievman*, section 1640(a) provides a private right of action for (f)(2) violations only against creditors who also service the relevant obligation. To hold otherwise, unnecessarily and impermissibly stretches the limits of TILA liability beyond the clear terms of the Act.

Further, the analysis in *Kievman* and *Holcomb* applies to this case because section 1639g operates in the same manner as section 1641(f)(2), by imposing an obligation on servicers to provide information to borrowers upon request. As with section 1641(f)(2), an obligee that fails to comply with section 1639g in servicing its loans can be held liable under section 1640(a). To

7

the extent that the statute, as written, creates a loophole through which assignees can avoid liability for failing to comply with TILA disclosures, it is up to Congress, not the courts, to close that loophole.

In the present case, Deutsche Bank is an assignee as Plaintiff has conceded. Ocwen, not Deutsche Bank, services the mortgage. TILA does not provide for vicarious liability of an assignee when it is not servicing the loan. Based on the foregoing, Deutsche Bank should be dismissed from this suit because as merely an assignee, it is not liable for Ocwen's purported TILA violations.

## IV. Conclusion

This Court should follow the opinions in this district which accurately interpret and apply TILA. Deutsche Bank should be dismissed with prejudice because an assignee cannot be held liable under TILA for the servicer's conduct.

**WHEREFORE,** Defendant, Deutsche Bank, respectfully requests an order dismissing Plaintiff's Complaint with prejudice, awarding Deutsche Bank its attorney's fees and costs, and for such other and further relief as this Court deems just and appropriate.

Date: October 2, 2014

By: **BLANK ROME LLP**
1200 N. Federal Highway, Ste., 312
Boca Raton, FL 33432
Telephone: 561-417-8100
Facsimile: 561-417-8101

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
David S. Ehrlich, Esq.
Florida Bar No. 063872
MHiraldo@BlankRome.com
Bocaeservice@BlankRome.com

8

140383.01813/50641779v.1

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 2nd day of October 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

By: **BLANK ROME LLP**
1200 N. Federal Highway, Ste., 312
Boca Raton, FL 33432
Telephone: 561-417-8100
Facsimile: 561-417-8101

*/s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 30380
Bocaeservice@BlankRome.com